# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

WILLIE SAMUEL, *et al.*,            *

      Plaintiffs,            *

      v.            *            Civil Case No. 1:19-cv-00069-JMC

ATHELAS INSTITUTE, INC.            *

      Defendant.            *

    *    *    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM OPINION

This case is brought under the Fair Labor Standards Act (FLSA) for unpaid wages and overtime by Plaintiffs Willie Samuel, Dinah Reeder, Terrence Gatling, Eric Williams, Tuesday Wiggins, Lashay Heard, Rickie Jacobs, Jr., Chardae Robinson, and Joyce Lee Elder against their employer, Defendant Athelas Institute, Inc. The matter has been referred to me by Judge Russell for all proceedings, (ECF No. 16), and the parties have consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4. (ECF Nos. 19 and 23). Before this Court is Plaintiffs' Motion for Conditional Certification and to Facilitate Identification and Notice to Similarly-Situated Employees, (ECF No. 21), Defendant's Response, (ECF No. 22), and Plaintiffs' Reply. (ECF No. 24). The Court has reviewed all the filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons below, Plaintiffs' motion is GRANTED in part and DENIED in part.

## CONDITIONAL CERTIFICATION

The FLSA permits plaintiffs to "maintain a collective action against their employer for violations under the act pursuant to 29 U.S.C. § 216," *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 771 (D. Md. 2008), which provides in pertinent part:

> An action...may be maintained against any employer...by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Section 216(b) establishes an "opt-in" scheme, "whereby potential plaintiffs must affirmatively notify the Court of their intentions to be a party to the suit." *Quinteros*, 532 F. Supp. 2d at 771 (citing *Camper v. Home Quality Management, Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000)). The FLSA certification process typically occurs in two stages. First, at the "notice stage," the court "makes a threshold determination of whether the plaintiffs have demonstrated that potential class members are similarly situated, such that court-facilitated notice to putative class members is appropriate." *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 566 (D. Md. 2012) (citations and internal quotations omitted). Second, at the "decertification stage," once discovery is closed, the court conducts a more stringent inquiry to determine whether the plaintiffs are in fact "similarly situated" as required by section 216(b) and to make a final determination regarding whether the case should proceed as a collective action. *Rawls v. Augustine Home Health Care, Inc.*, 244 F.R.D. 298, 300 (D. Md. 2007) (citations omitted).

Plaintiffs seek first stage conditional certification and provide a thorough narrative to meet the modest threshold required. While generally denying the allegations and reserving all defenses and arguments, Atheleas does not oppose conditional certification. (ECF No. 22 at 1). Accordingly, Plaintiffs' Motion for Conditional Certification is GRANTED as to having demonstrated that the potential class members are similarly situated and prompt the issuance of court-facilitated notice.

# NOTICE

Defendant does oppose the information Plaintiffs seek for giving notice, the proposed methods of notification, and the proposed reminder notice. (ECF No. 22). Specifically, Plaintiffs request that Defendant produces a list of all persons employed as a House Manager at any time during the last three years including "each House Manager's name, job title, last known address and telephone number, last known personal email address, dates of employment and location(s) of employment." (ECF No 21-1 at 11). Defendant argues that the information sought is too broad for purposes of giving notice and that notice by email and telephone are inappropriate. Defendant further argues that notice by mail, email, telephone, and a reminder is excessive.

This Court's broad discretion over opt-in notices is guided by an overarching goal to "provide accurate and timely notice concerning the pendency of the collective action, so that potential plaintiffs can make informed decisions about whether to participate." *Butler*, 876 F. Supp. 2d at 575 (quotations and citations omitted). Nevertheless, this Court "will not order more extensive notification than is necessary, to reach potential class members [,]" unless special circumstances exist. *Blake v. Broadway Services, Inc.*, 2018 WL 4374915, at *5 (D. Md. 2018)

As for the information sought, Defendant shall produce a list of each House Manager's name, last known address, any available email, dates of employment with Defendant and locations of employment with Defendant for any House Manager during the last three years. Plaintiffs' requests for job titles and telephone numbers are denied. In explanation, first, this Court no longer considers notice by email to be an inappropriate vehicle under the FLSA. *See e.g.*, *Butler*, 876 F. Supp. 2d at 575 (ordering the production of emails and permitting notice by email because "communication through email is now the norm." (citiation omitted)). Defendant, however, asserts that it does not collect or maintain employee emails. While this Court cannot order

Defendant to produce something it does not have, it will ask that Defendant check its records again and produce any available emails for the putative plaintiffs. Second, the Court is also unconvinced that the collection and production of location and date information is excessive. The general logistical nature of the information and its potential utility in facilitating effective notice outweighs the arguably minimal burdens of production.

Conversely, the request for job titles is unnecessary (considering House Manager is the job title) and Plaintiffs have not presented any special circumstances to necessitate the production of telephone numbers. *See e.g.*, *Blake*, 2018 WL 4374915, at *5 (2018) (declining to order the production of telephone numbers); *Arnold v. Acappella*, LLC, 2016 WL 5454541, at *4 (D. Md. Sept. 29, 2016) (same). In Reply, Plaintiffs concede that telephone numbers are not initially appropriate, but then argue that if any notice goes undelivered Defendant should, not only produce a corresponding personal telephone number, but also personal identifying information such as the last four digits of a putative class member's social security number within five (5) days of a request by Plaintiffs. (ECF No. 24 at 3). This proposed system for handling undelivered response is denied as premature and unjustified. Nothing suggests that such a system is necessary under the circumstance. Just as the Honorable Judge Blake in *Blake*, 2018 WL 4374915 (2018) provided, "this court may order a second round of notice" via telephone if posed with a high proportion of undeliverable responses. The reality of changing addresses, however, is not grave enough for establishing a reactive contingency involving social security numbers at this time.

As for a reminder notice, Plaintiffs have also not shown special circumstances to necessitate a second reminder notice or anything that would lead this Court to conclude that the initial notice through physical mail and email would be insufficient. *See e.g.*, *Calderon v. Geico Gen. Ins. Co.*, 2011 WL 98197, at *8 (D. Md. Jan. 12, 2011) ("Plaintiffs' request to send reminder

notices has the potential to unnecessarily stir up litigation, and will therefore be denied." (quotations omitted)).

Lastly, Plaintiffs' attached proposed order requests that Defendant post the notice within each group home is owns and operates, that Plaintiffs send a post-card half-way through the opt-in period, and that Plaintiffs maintain a webpage with all relevant information and a downloadable copy of the notice. In Reply, Plaintiffs argue that these aspects of their requested notice went undisputed and should therefore be permitted. The Court however is not prepared to accept such an argument. Proposed orders are courtesies to the Court and not designed to advance additional legal arguments or propose crucial details that should be within the actual motions they accompany. Seeing as these requests were not presented by motion, nor any argument in their support was advanced until the Reply, the Court will deny them without prejudice to be discussed by counsel when collaborating over the terms of the notice pursuant to this Memorandum's accompanying Order.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Conditional Certification and to Facilitate Identification and Notice to Similarly-Situated Employees, (ECF No. 21), is GRANTED in part and DENIED in part. A separate Order shall follow.

Dated: April 11, 2019

_____/s/_____
J. Mark Coulson
United States Magistrate Judge